# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEROY DUFFIE, | ) | Case No. 4:13-cv-03169 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PROTECTIVE ORDER** |
| | ) | |
| CITY OF LINCOLN, a municipal corporation, TOBIAS HITE, SHANE JENSEN & NATHAN KAISER, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

1. As used herein:

   a. "Confidential Documents" shall mean documents produced by a party in discovery and designated as "CONFIDENTIAL." For purposes of this agreement, Confidential Documents shall be limited to following documents under the control of Plaintiff and those documents under the control of the City of Lincoln and not readily available to the general public:

   i. Employee personnel and training records;

   ii. City of Lincoln policies, procedures, and general orders;

   iii. City of Lincoln training records; and

   iv. Plaintiff's medical records.

   b. "Disclosed" shall mean divulged, revealed, described, summarized, paraphrased, quoted, transmitted or otherwise communicated to any Person or Persons in any manner and for any purpose other than as allowed herein;

   c. "Attorney" shall include all partners, associates, paralegals, secretaries and other employees of the Attorneys for the Parties;

   d. "Party" shall mean any named Plaintiff or Defendant in this case;

e. "Producing Party" shall mean, with respect to Confidential Documents, Plaintiff or City of Lincoln and/or its employees or witnesses turning the Confidential Documents over to the opposing party in discovery;

f. "Person" shall mean any individual, corporation, partnership, association, society, unincorporated organization, city, state, republic or governmental agency or employee, or any other entity, including without limitation, each Party to this action;

g. "Consultant" shall mean any expert retained or hired by a Party or Attorney in this case for the purpose of providing expert testimony in the trial of this matter or for the purpose of assisting a Party or Attorney in any manner in the litigation of this case and further shall include in-house experts and/or technical personnel of the Parties; and

h. "Witness" shall mean any individual who will testify in court proceedings or depositions in the above-captioned case.

2. Confidential Documents shall not be used or Disclosed by any Party, his/her/its Attorney(s), or anyone else for whom they are responsible for any purpose unrelated to this litigation or for any business or competitive purpose. Disclosure other than as provided for herein shall first require written consent of the Producing Party, or by order of the Court. The Parties and Attorney(s) shall maintain a list of documents disclosed and to whom. The Parties and Attorney(s) shall also require anyone receiving confidential documents to agree to the terms of this Agreement.

3. Should either Party and Attorney(s) question whether documents designated as Confidential Documents are truly confidential, they shall first contact the Producing Party to resolve the issue. If the issue cannot be resolved, either Party may petition the

Court for an order declaring that the document is not subject to the conditions of this Protective Order. The Attorney(s) for either Party shall be responsible for instructing witnesses, consultants, and outside counsel assisting in preparation of the case, that disclosure of the Confidential Documents is prohibited as set forth herein.

4. The Confidential Documents may only be disclosed to the Attorney(s), Consultants and Witnesses with a defined purpose and is necessary for preparing for trial and/or for trial of this action and any appeal herein.

5. In the event a Confidential Document is used by either Party or Attorney(s) at the deposition of any Consultant or Witness, the court reporter shall agree in writing or on the record of such deposition that no copies of the deposition or the deposition exhibit previously identified as a Confidential Document herein shall be made for, delivered, or made available to any Person except Attorneys of record for the Parties in the above-captioned case, the Court and the deposition Witness. In the event the court reporter refuses such request, either party may withdraw from the deposition until a court reporter is found willing to comply.

6. Following the conclusion of this litigation, including any appeal, writ, or petition for review, the Producing Party may make written demand for the return of the Confidential Documents produced. Upon demand for return, the party receiving the demand shall return the originals and any copies of the Confidential Documents which are in their custody or control.

7. Confidential Documents may be used to examine or cross-examine any Witness or Consultant at any hearing, deposition, or trial. Such use may be limited as provided in this Agreement. The Producing Party shall have the right to request the Court to exclude or sequester any individual who is in attendance at any hearing, deposition or trial for purposes of maintaining the confidentiality of such documents.

8. The Producing Party may request the Court to order Confidential Documents be kept under seal and that any question regarding such information be conducted before the Court in camera.

July 1, 2014.

BY THE COURT:

Cheryl R. Zwart
United States Magistrate Judge