IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LEROY DUFFIE,<br><br>    Plaintiff,<br><br> vs.<br><br>CITY OF LINCOLN, A Municipal Corporation; NATHAN KAISER, JOHN DOES, TOBIAS HITE, SHANE JENSEN,<br><br>    Defendants. | 4:13CV3169<br><br>MEMORANDUM AND ORDER |

  Pending before me is the defendants' motion to compel Plaintiff Leroy Duffie to respond to written discovery. (Filing No. 55). The plaintiff has refused to respond to Interrogatories 7 through 12, stating Interrogatories 1 through 6 encompass 25 questions and all interrogatories thereafter exceed the number permitted under Rule 33 of the Federal Rules of Civil Procedure. The defendants disagree with the plaintiff's interrogatory count, request an order requiring the plaintiff to respond to all interrogatories served, and further move for an order requiring Plaintiff's full and complete response to Interrogatory No. 2. For the reasons discussed below, the defendants' motion will be granted.

  1. <u>Number of Interrogatories</u>.

  Interrogatory 1 asks the plaintiff to "[i]dentify all individuals you or your attorneys have interviewed, deposed, or taken written, recorded, or oral statements from regarding the subject matter of this case." (Filing No. 56-1, at CM/ECF p. 3). The plaintiff claims this discovery request includes 5 questions, including 1) the identity of individuals who 2) were deposed; 3) provided written statements, 4) provided recorded statements, or 5) provided oral statements regarding the subject matter of this case. (Filing No. 56-1, at CM/ECF p. 24).

The court disagrees with the plaintiff's counting method. Interrogatory 1 requests the identity of persons who provided statements about this case to the plaintiff. The "subparts" identified by the plaintiff merely clarify the scope of the statements requested. Interrogatory 1 is one interrogatory.

  b. <u>Interrogatory 2</u>.

Defendants' Interrogatory 2 states:

> Describe in detail all facts pertaining to your recollection and observation of the events leading up to and including the traffic stop on September 3, 2011, including but not limited to the events that occurred the day before on September 2, 2011, the name and address of the "troubled teen" you allege you drove home that night as described in paragraph 18 of the Amended Complaint (Doc. No. 10), and the identity of all individuals who drove the van in the twenty-four (24) hours before the traffic stop.

(Filing No. 56-1,. at CM/ECF p. 3). The plaintiff claims this interrogatory includes seven questions and in support of that argument, dissects the interrogatory as follows:

> INTERROGATORY NO. 2:   Describe in detail all facts pertaining to your recollection **(1)** and observation **(2)** of the events leading up **(3)** to and including **(4)** the traffic stop on September 3, 2011, including but not limited to the events that occurred the day before on September 2, 2011, **(5)** the name and address of the "troubled teen" you allege you drove home that night as described in paragraph 18 of the Amended Complaint (Doc. No. 10), **(6)** and the identity of all individuals who drove the van in the twenty-four (24) hours before the traffic stop **(7)**.

Filing No. 56-1, at CM/ECF pp. 24-25).

The court does not understand Plaintiff's counting method. For example, "to and including" the traffic stop is simply not a question. At most, Interrogatory 2 includes 3 subparts: 1) a description of what the plaintiff recalls experiencing (with any of his five senses) prior to (defined to include the day before) the traffic stop on September 3, 2011; 2) the name and address of the "troubled teen" the plaintiff allegedly drove home on September 3, 2011; and 3) the identity of every person who drove the van during the 24 hours prior to the traffic stop.

2

      c.      Interrogatory 3.

The plaintiff and defendants agree that one question is raised by Interrogatory 3.

      d.      Interrogatory 4.

The defendants claim Interrogatory 4, which requests a detailed description of "each and every physical or mental injury you claim to have suffered as a result of the traffic stop on September 3, 2011," (Filing No. 56-1, at CM/ECF p. 4), is one interrogatory. Plaintiff claims it includes two; a description of Plaintiff's physical injuries, and a description of his mental injuries. (Filing No. 56-1, at CM/ECF p. 25). Interrogatory 4 requests a description of plaintiff's claimed injuries--whether physical or mental. It poses only one question.

      e.      Interrogatory 5.

Interrogatory 5 states:

> For any and all significant personal injuries or medical or mental conditions you may have incurred and suffered in your lifetime, state: (a) The approximate date of the initial injury or medical condition; and (b) A general description of the injury or medical condition.

(Filing No. 56-1, at CM/ECF p. 4). The plaintiff claims Interrogatory 5 is composed of seven subparts, explaining:

> For any and all significant personal injuries **(1)** or medical **(2)** or mental conditions **(3)** you may have incurred **(4)** and suffered **(5)** in your lifetime, state: The approximate date of the initial injury or medical condition **(6)**; and a general description of the injury or medical condition **(7)**.

(Filing No. 56-1, at CM/ECF pp. 25-26)(emphasis added).

Again, the court cannot accept Plaintiff's counting method. The interrogatory requests 1) a detailed description of all significant injuries or conditions—whether physical or mental—that Plaintiff has experienced during his lifetime, and 2) the date those injuries and conditions occurred. Even assuming a date is not presumptively part of a detailed description of an event, Interrogatory 5 raises no more than two questions.

      f.      Interrogatory 6.

Defendant's interrogatory 6 asks:

> If you have been examined or treated by any physicians, doctors, surgeons, osteopaths, counselors, chiropractors, acupuncturists, psychologists, psychiatrists, therapists, mental health practitioners, vocational counselors, economist, physical therapists or any other medical practitioners or providers for any reason and at any time, other than routine visits for minor illnesses lasting a couple of days or less, vaccinations, and physical examinations, for the past ten (10) years, state as to each such examination or treatment: (a) The name of each such individual or facility of examination or treatment; (b) The approximate dates of any examination or treatment; and (c) The nature of any examination or treatment.

(Filing No. 56-1, at CM/ECF p. 4). The plaintiff claims this request includes five subparts because, in addition to the delineated subparts a-c, the defendants are requesting information on both examinations and treatments. (Filing No. 56-1, at CM/ECF p. 26).

"Examined" and "treated" describes professional services. These words do not, in and of themselves, pose separate questions. Interrogatory 6 is composed of three subparts.

Interrogatories 1 through 6 include, at most, 11 interrogatories, not 27 as the plaintiff suggests. Upon review of the remaining interrogatories, the court finds:

- Interrogatory 7 requests a description of Plaintiff's evidence supporting his claims of harassment, humiliation and ridicule as alleged in paragraphs 26-34 of his complaint—one interrogatory;

- Interrogatory 8 requests a description of Plaintiff's evidence supporting his claims of excessive force as alleged in paragraphs 26-34 of his complaint—one interrogatory;

- Interrogatory 9 asks him to describe the vehicle search, and state whether it was consensual—two interrogatories;

- Interrogatory 10 asks Plaintiff to explain his allegation that he was a mechanic before the alleged incident, and his statement that he is no longer a mechanic—two interrogatories;

- Interrogatory 11 requests a description of Plaintiff's alleged damages, and the amount he allegedly sustained per category of alleged damages—two interrogatories; and

- Interrogatory 12 requests the identity of Plaintiff's trial experts and the subjects upon which they will provide testimony—two interrogatories.

By the court's count, the defendants served 21 interrogatories. The plaintiff's objections to Interrogatories 7 through 12, as exceeding the number permitted under the federal rules, are overruled.

    2.    <u>Interrogatory 2</u>.

Although requested in Interrogatory 2, the plaintiff has failed to describe what he recalls about the events occurring the day before and up to the completion of the traffic stop on September 3, 2011. And he has offered no explanation for refusing to respond. The plaintiff is required to provide a full and complete response to interrogatory 2.

For the reasons discussed above,

IT IS ORDERED:

1) The defendants' motion, ([Filing No. 55](#)), is granted.

2) On or before July 28, 2014, the plaintiff shall serve full and complete responses to Defendants' Interrogatories 7 through 12, and a full and complete response to Interrogatory 2.

July 14, 2014.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge